THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v. ] | No. 25-cr-50-01/05-SM-TSM |
| ] | |
| ZAIRE BRADDOCK ] | |

## MOTION FOR BAIL HEARING/GOVERNMENT DOES NOT OBJECT TO *REQUEST FOR HEARING*

Mr. Braddock, by his counsel, Dorothy E. Graham, Assistant Federal Defender, and pursuant to 18 U.S.C. § 3142, moves this Honorable Court to schedule a bail hearing. In the alternative, counsel requests the Court to schedule a hearing to review and revoke the initial bail order pursuant to 18 U.S.C. § 3145(b).

Procedural History

On or about June 25, 2025, Mr. Braddock was arrested and brought before the U.S. District Court of the Eastern District of New York based on an indictment issued by a grand jury in the U.S. District Court of New Hampshire.[1] The indictment alleges that Mr. Braddock conspired to interfere with commerce by robbery. At the removal hearing, Mr. Braddock was represented by AFPD Jullian D. Harris-Calvin. The government sought detention, and AFPD Harris-Calvin requested the release of her client on a $25,000 bond and conditions. Magistrate Judge Cheryl L. Pollak denied bail application and a commitment order was entered.

On July 7, 2025, Mr. Braddock appeared in the U.S. District Court of New Hampshire. Unclear whether Magistrate Pollak had received or reviewed the NY/ED pretrial service report recommending release for Mr. Braddock, defense counsel requested leave to re-open the bail

---

[1] The case is filed under seal in New Hampshire. It is not filed under seal in the Eastern District of New York but contains a redacted indictment.

hearing if counsel learned of additional information relevant to the issue of bail. The Court detained Mr. Braddock as previously ordered by the Eastern District of New York. After reviewing the transcript of the bail proceeding[2], counsel asserts that the magistrate judge anticipated and expressed to Mr. Braddock that he would have the opportunity to argue the issue of bail when he appeared in New Hampshire.

Transcript of the ED/NY Bail Hearing

The government for ED/NY did not have the pretrial services report or recommendation at the time of the hearing. *United States v. Braddock*, 25-mj-00217-CLP, ECF Doc. 7, Bail Transcript 7:7-9[3]. The AFPD represented to undersigned counsel that she did not have the recommendation or report at the time of the hearing. Nevertheless, the government did seek detention based on the facts of the case and conversations with the AUSA and case agent in New Hampshire. Tr. 6:16-20. During the public hearing, the Court makes no mention of the pretrial services report. While the Court determined that the pending offense was serious and that the "government [had] carried its burden of proving that [Mr. Braddock] [was] a potential danger to the community based upon the proffer" [Tr. 14:23-25], the Court also conveyed the belief that the New Hampshire Court would assess and consider bail again. Specifically, in response to defense counsel's arguments, the Court stated, ". . . but all of that speaks volumes to me to say I think this is a decision better left to the judge in New Hampshire who will have more information about the defendant's participation in what is a fairly serious violent crime as charged in the indictment." Tr. 12: 14-18. The Court again stated, "That being said, you're right. The judge in New Hampshire may disagree and feel that this was not that serious a crime

---

[2] Counsel provided probation and AUSA Krasinski a copy of the transcript.
[3] The bail hearing commenced at 3:11p.m on June 25, 2025. The pretrial services report was signed on June 25, 2025 at 3:03pm.

and that there are conditions that would assure Mr. Braddock's return to court and the safety of the community [Tr. 15:4-8] . . . As you point out it's a very short period of time, and *he'll have his opportunity to make all of these argument to the judge in New Hampshire*." Tr. 15: 9-12 (emphasis added).

## Grounds for Hearing

In the first instance, due process and fairness should compel this Court to schedule a bail hearing. The request is based on the comments made by Magistrate Judge Pollak, advising the parties that Mr. Braddock would have the opportunity to make his arguments to the judge in New Hampshire.

If the Court determines there is no basis for a bail hearing, counsel for the defendant alternatively requests the Court to schedule a bail review pursuant to 18 U.S.C. § 3145(b). The District Court of New Hampshire has original jurisdiction over Mr. Braddock's case and has the authority to review a magistrate judge's order. Pursuant to 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

## Argument for Release

The Pretrial Services Officer for the Eastern District of New York prepared a pretrial services report and recommended that the defendant be released on a moderate unsecured bond, cosigned by a parent, along with conditions. Mr. Braddock agrees with this recommendation and asserts that the Court can impose conditions that will reasonably assure his appearance and the safety of the community.

If released, Mr. Braddock could live with his father, Quran Braddock, in his apartment in Brooklyn, NY. No one else resides in the apartment. The apartment is free of firearms or weapons. At the time of his arrest, Mr. Braddock was working for Amazon. Quran Braddock, who performs residential home remodeling, confirmed that Mr. Braddock could work with him doing general labor such as painting and apprenticing at the same time. His father has offered to be a third-party custodian and has been advised of the responsibilities of that position.

Mr. Braddock is supervised by the New York City Department of Probation until December 3, 2025. Accordingly, Mr. Braddock could benefit from the supervision and services of both the state and federal probation departments while released.

Consistent with the ED/NY pretrial services officer's recommendation, Mr. Braddock contends that there are conditions – as set forth in the ED/NY pretrial services report – that reasonably assure his appearance and the safety of the community.

WHEREFORE, Mr. Braddock respectfully moves the Court to:

(a) Schedule a bail hearing with Magistrate Judge Talesha Saint Marc; or

(b) In the alternative, schedule a bail review hearing pursuant to 18 U.S.C. § 3145(b).

Respectfully submitted,

*/s/ Dorothy E. Graham*
Dorothy E. Graham
NH Bar # 11292
Federal Defender Office of MA, NH, RI
22 Bridge Street
Concord, NH 03301
Assistant Federal Public Defender
Dorothy_graham@fd.org

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 15, 2025, the above document was served electronically upon all counsel of record through the CM/ECF filing system.

                */s/ Dorothy E. Graham*
                Dorothy E. Graham