UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 1:25-cr-50-3-SM-TSM |
| v. | ) | |
| | ) | |
| ZAIRE BRADDOCK, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

### Response to Zaire Braddock's Motion for Bail Hearing

Defendant Zaire Braddock robbed a business and threatened an employee with a boxcutter, all while on probation awaiting sentencing for two convictions—criminal possession of a weapon and attempted criminal possession of a loaded firearm. Braddock is both a danger to the community and a flight risk and there are no conditions that this Court could impose that would assure the safety of the community and his appearance. The United States requests that the Court detain Braddock pending trial.

**I.    The Bail Reform Act**

Under the Bail Reform Act, the government may seek pretrial detention of a criminal defendant charged with a felony that involves the possession or use of a firearm. 18 U.S.C. § 3142(f).[1] The statute authorizes the Court to detain a defendant where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making its bail determination, the Court is required to consider information regarding the nature and circumstances of the charged offense, the weight of the evidence, the defendant's history and

---

[1] As described in more detail below, a co-defendant possessed and brandished a firearm during the charged conspiracy, so Braddock is charged with a felony that involves the possession or use of a firearm.

characteristics, and the nature and seriousness of the danger to any other person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). The government bears the burden of demonstrating dangerousness by clear and convincing evidence, and flight by a preponderance of the evidence. *United States v. Johnson*, 12-mj-01-01-LM, 2012 WL 40463, at *2 (D.N.H. Jan. 6, 2012).

Where, as here, a defendant has been detained following a detention hearing, the Bail Reform Act authorizes the court to reopen the hearing if there is new information that has a material bearing on the detention analysis. Given the unique facts and equities present here, the government agrees that the court should reopen the bail hearing in this case.

## II.     The nature and circumstances of the offense

A grand jury charged Braddock with conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. 1951. The government proffers the following facts:

On the morning of April 7, 2025, Braddock and four other men arrived at a large commercial building in Londonderry, New Hampshire, in a white Nissan sedan. The driver parked the car on the east side of the building and the five men sat in the car for about four hours. Just before 1:00 pm, the driver moved the car to the north side of the building, near the entrance to a unit rented by GlowingGu Corporation ("GlowingGu"), a business that buys and resells clothing and accessories. Once the driver parked on the north side of the building, all five men got out of the car and entered GlowingGu's unit. The first man in the warehouse carried a pistol and pointed it at the sole employee working that day. Braddock was the second man inside, following right behind the man with the gun.



*Image 1: screenshot from security footage showing Braddock (circled in yellow) as his co-defendant points a gun (circled in red) at the GlowingGu employee*

While one man pointed a gun at the victim, another bound her hands with a zip tie. The group began searching through boxes for iPhones. When they could not find any phones, they began taking GlowingGu's merchandise and loading it in the back of a Penske rental truck that a sixth man had parked outside of the unit. Braddock used a boxcutter to open boxes in the warehouse.



*Images 3 (left) and 4 (right): screenshots from security footage showing Braddock holding a boxcutter*

When the victim stood up and moved closer to the door, Braddock turned the boxcutter on her, brandishing it in her face until she backed up and crouched down.


*Image 5: screenshot from security footage showing Braddock (circled in yellow) brandishing a boxcutter at the victim*

After throwing Coach purses, Nike shoes, Adidas tee-shirts, and other GlowingGu merchandise into the back of a truck, the men abruptly hurried out of the unit, got back in the Nissan, and drove away. The Penske truck, loaded with GlowingGu merchandise, left at the same time.

About two hours later, a Massachusetts State Trooper encountered the Nissan and its five occupants at a service plaza off Interstate 90 in Massachusetts. Braddock identified himself during the encounter and was wearing the same black jacket and camouflage hoodie he wore during the robbery. The other four men were also wearing the same clothes they wore during the robbery.

### III. Weight of the evidence

The weight of the evidence is strong. Both the robbery and Braddock's encounter with the Trooper were captured on video. If this case proceeds to trial, a jury will see Braddock threaten the victim with a boxcutter.

## IV. Braddock's history and characteristics

Four months before the Londonderry robbery, Braddock was convicted of criminal possession of a loaded firearm. Braddock was on probation awaiting sentencing when he traveled to New Hampshire and thrust a boxcutter in the victim's face during a robbery.

Braddock is also a suspect in an attempted burglary in Queens, New York. In March 2025, three men tried to enter a woman's apartment through her balcony door. One apparently used a hammer to break a glass door to the apartment. The woman yelled, and the men fled. One of the men wore a camouflage hoodie that appears identical to the one Braddock wore during the Londonderry robbery. By comparing body camera footage from Braddock's encounter with police in April to footage from the neighborhood of the attempted burglary, officers with the New York Police Department identified Braddock as a suspect in the attempted burglary.

## V. Braddock is both a danger to the community and a flight risk

The evidence is clear and convincing that Braddock poses a danger to the community. His criminal history includes firearms and weapons convictions. Moreover, Braddock did not hesitate to threaten the bound GlowingGu employee by thrusting a boxcutter in her face. His repeated violent behavior makes him a serious threat to the community.

In addition, Braddock is charged with a serious felony and the evidence against him is substantial. He has no ties to New Hampshire and limited employment history. At the time of the instant offense, Braddock was awaiting sentencing on a felony offense for his attempted criminal possession of a loaded firearm. Braddock was arrested when he went to meet with his probation officer to ask permission to travel for the Fourth of July holiday. If required to obtain permission to travel, Braddock's trip to New Hampshire was, itself, a violation of his conditions. The fact that Braddock flouted his probation conditions demonstrates that he is unlikely to comply with

any conditions that the Court could devise, and thus there is "no condition or combination of conditions" that will reasonably assure Braddock's appearance as required and the safety of the community.

## VI. Conclusion

For all these reasons, the United States respectfully requests that the Court order Braddock detained pending trial.

Respectfully submitted,

JOHN J. MCCORMACK
Acting United States Attorney

By: /s/ Anna Z. Krasinski
Anna Z. Krasinski
Assistant United States Attorney
United States Attorney's Office
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
New Hampshire Bar No. 276778
(603) 225-1552
anna.krasinski@usdoj.gov